STEWART
vs.
BERARD.
the evidence,
to be proved,
the judgement
of the inferior
court in favor
of the defend-
ant,will not be
disturbed.

ᴗ

---

## STEWART vs. BERARD.

APPEAL FROM THE COURT OF THE FIFTH DISTRICT, THE JUDGE OF THE SIXTH PRESIDING.

Where a case rests entirely on matters of fact, and a verdict and judgement rendered for the defendant in the inferior court, and a motion for a new trial overruled, the judgement below will not be touched, especially when the evidence shows no apparent error in the first decision.

The plaintiff claims a negro woman, named Venus, and her children, as heir to Bernard Stewart, her paternal grandfather, and which are in the possession of the defendant. In 1809, Bernard Stewart died in Attakapas, leaving Catharine Stewart, his grandaughter, as the only heir in the descending line. The negro woman Venus, with one child, belonged to his succession at his death. His son's wife, Elizabeth Stewart, and mother of plaintiff, in 1812, sold this woman and child to the defendant, for the sum of eight hundred dollars. The petitioner states that in 1813, she was removed by her mother to Kentucky, where she still resides, and that she is twenty-three years old at the institution of this suit. She prays that

the negro woman Venus, and her children, be delivered to her, together with one thousand five hundred dollars damages, for their hire and detention.

The defendant pleaded a general denial; set up the sale by the mother to him; averred possession for more than ten years by a good title; and pleaded the prescription of five and ten years, also of four years against her right of action, more than this time having elapsed since she arrived at the age of majority, and before bringing this suit.

It appears Bernard Stewart had a son named Christopher P. Stewart, who died in the lifetime of his father, leaving three daughters, viz: Catharine (the present plaintiff), Mary, and Agnes Stewart. The grandfather having died in the year 1810, Elizabeth Stewart was appointed tutrix to her three minor daughters, who were also heirs-at-law of their grandfather, Bernard Stewart. That the tutrix sold the slaves in contest, which were received from B. Stewart's estate to defendant, in Attakapas, in 1812, and in 1813 removed to Kentucky. The plaintiff now claims, as the only heir living. But the testimony shows that the mother of the plaintiff is still living, who inherits from her two deceased daughters, and sisters to the plaintiff.

On the trial, there was verdict for the defendant, which, after a motion for a new trial and overruled, was confirmed by the judgement of the court. The plaintiff appealed.

The case was submitted without argument or points of counsel.

*Where a case rests entirely on matters of fact, and a verdict and judgement rendered for the defendant in the inferior court, and a motion for a new trial overruled, the judgement below will not be touched, especially when the evidence shows no apparent error in the first decision.*

Martin, J., delivered the opinion of the court.

No question of law has been raised in this case. It rests entirely on matters of fact, on which a jury has been called upon to pronounce. Their verdict has been for the defendant; and the first court has overruled the plaintiff's motion for a new trial on the ground of the verdict being against the evidence adduced.

WESTERN DIS.
Sept. 1832.

A close attention to the testimony and documents has not enabled us to discover any ground on which the judgement should be touched.

It is, therefore, ordered, adjudged, and decreed, that the judgement be affirmed, with costs in both courts.

*Bowen,* for plaintiffs.
*Simon* and *Brownson,* for defendant.